Kim E. Richman
**THE RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, New York 11201
krichman@richmanlawgroup.com
Telephone: (212) 687-8291
Facsimile: (212) 687-8292

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LARRY CRUZ and ROSEMARIE DISUMMO,<br><br>             Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK; P.O. ROBERT SIMMS, Tax Reg. # 933359; SGT. PATRICIO OVADO; and P.O.s JOHN AND JANE DOE Nos. 1 through 5, individually and in their official capacities (the names "John and Jane Doe" being fictitious, as the true names are presently unknown),<br><br>             Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>1:15-cv-7943-JGK |

Plaintiffs Larry Cruz and Rosemarie DiSummo ("Plaintiffs"), by their attorney, Kim E. Richman, complaining of the above-referenced defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is a civil rights action to recover compensatory damages, punitive damages, and attorney's fees arising out of Defendants' violation of Plaintiffs' rights as secured by the Civil Right Act, 42 U.S.C. Sections 1983 and 1988, and of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

2.      On or about March 7, 2015, at approximately 8:00 a.m., Plaintiffs were subject to

1

an unconstitutional search, false arrest, and false imprisonment by the individually named New York City Police Officer defendants ("Defendant Officers"). Subsequently, Plaintiffs were unlawfully transported against their wills to the New York Police Department ("NYPD") 46th Precinct, where Defendant Officers unconstitutionally searched, fingerprinted, and photographed Plaintiffs. Thereafter, Plaintiffs were maliciously prosecuted and deprived of their constitutional and common-law rights, when Defendant Officers unlawfully searched, confined, and arrested Plaintiffs, in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

3.     Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; and the constitution and laws of the State of New York. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

4.     Plaintiffs further invoke this Court's pendent jurisdiction over any and all state law claims that derive from the same nucleus of operative facts that give rise to the federal claims, pursuant to 28 U.S.C. § 1367.

## VENUE

5.     Venue properly lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), this being the District in which the events giving rise to the claims occurred.

## PARTIES

6.     Plaintiffs LARRY CRUZ and ROSEMARIE DISUMMO are residents of the County of the Bronx, City and State of New York.

7. Defendant New York City Police Officer ("P.O.") ROBERT SIMMS, Tax Reg. No. 933359 ("Defendant Simms"), is and was at all times relevant herein an officer, employee, and agent of the NYPD.

8. Defendant Simms is being sued herein in his individual and official capacities.

9. Defendant New York City Police SERGEANT PATRICIO OVADO ("Defendant Ovado"), is and was at all times relevant herein an officer, employee, and agent of the NYPD.

10. Defendant Ovado is being sued herein in his individual and official capacities.

11. Defendant P.O.s JOHN AND JANE DOE Nos. 1 through 5 are and were at all times relevant herein officers, employees, and agents of the City of New York and the NYPD.

12. Defendant P.O.s John and Jane Doe Nos. 1 through 5 are being sued in their individual and official capacities.

13. At all times relevant herein, Defendant Officers were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the City of New York and the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the City of New York and the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents, and employees of the City of New York and the NYPD, and incidental to the lawful pursuit of their duties as officers, employees, and agents of the City of New York and the NYPD.

14. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City operates, manages, directs, and controls the NYPD, which employs

Defendant Simms, Defendant Ovado, and Defendant P.O.s John and Jane Doe Nos. 1 through 5. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

15. Defendant Simms, Defendant Ovado, and Defendant P.O.s John and Jane Doe Nos. 1 through 5 (collectively, "Defendant Officers") participated directly in, aided in, and/or failed to intervene in the violations of Plaintiffs' constitutional rights committed by the other individual Defendants.

16. Defendant City was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, captains, and employees of the NYPD.

## STATEMENT OF FACTS

17. At all times relevant hereto, Plaintiffs Larry Cruz and Rosemarie DiSummo resided in an apartment building located at 1911 East Tremont Avenue, Bronx, New York.

18. On or about the morning of March 7, 2015, at approximately 8:00 a.m., Plaintiffs were lawfully present outside of their residence when Defendant Officers approached and seized them without probable cause or legal justification.

19. Defendant Officers unlawfully searched both Plaintiffs.

20. Defendant Officers then improperly seized from Plaintiff DiSummo her medication, claiming that she was in possession of illegal drugs.

21. Defendant Officers did not have reasonable suspicion or probable cause to believe Plaintiffs were committing a crime, nor did they have any reason to believe Plaintiff DiSummo's medication was illegal.

22. Indeed, Plaintiffs explained to Defendant Officers that Plaintiff DiSummo had been

prescribed the medicine as part of her treatment for cancer and showed Defendant Officers the prescription bottle, which bore her name.

23. At no time did Defendant Officers call the telephone number printed on the prescription bottle to inquire whether Plaintiff DiSummo was a patient of the medical provider listed on the prescription bottle or whether the medical provider had prescribed the medication listed on the prescription bottle.

24. At no time did Defendant Officers recover any weapons, illegal drugs, or other illegal contraband from Plaintiffs.

25. Nevertheless, Defendant Officers detained, handcuffed, and forced Plaintiffs into an unmarked blue van containing two other unidentified passengers, who appeared also to be in police custody.

26. Upon entering the van, Plaintiff Cruz noticed the lack of proper ventilation and began worrying that the conditions Plaintiffs were being forced into would have a harmful effect on Plaintiff DiSummo's health.

27. Plaintiff DiSummo did in fact have trouble breathing inside the van. Growing more concerned for Plaintiff DiSummo, Plaintiff Cruz requested that Defendant Officers improve the ventilation by, for example, moving Plaintiff DiSummo to the front of the van so she could breathe more easily. Defendant P.O. John Doe No. 1 disregarded Plaintiff Cruz's request and responded that it was not his problem Plaintiff DiSummo could not breathe, thus causing Plaintiffs further emotional distress.

28. After detaining Plaintiffs, along with the other two passengers, in the parked van for approximately twenty (20) minutes, Defendant P.O. John Doe No. 1 began aggressively driving the van around the area (commonly known as a "rough ride"). At no point during this rough ride

did Defendant Officers secure Plaintiffs or the other two unidentified passengers with any form of safety mechanism or restraint. Consequently, Plaintiffs sustained physical injuries.

29. After approximately one (1) hour, the van driven by Defendant P.O. John Doe No. 1 arrived at the 46th Precinct, 2120 Ryer Avenue Bronx, New York, where Defendant Officers continued to detain Plaintiffs.

30. Defendant Officers wrongfully charged Plaintiff DiSummo with Criminal Possession of a Controlled Substance.

31. Defendant Officers released Plaintiff DiSummo after detaining her for approximately two (2) hours.

32. Defendant Officers then transferred Plaintiff Cruz to a Central Booking facility, where they wrongfully charged him with Criminal Possession of a Controlled Substance (to wit, Plaintiff DiSummo's legally prescribed medicine) in the Seventh Degree and detained him for approximately thirty-six (36) hours.

33. During the time Defendant Officers held Plaintiff Cruz in custody, he repeatedly requested medical attention for the injuries he suffered as a result of the "rough ride."

34. Defendant Officers ignored Plaintiff Cruz's repeated requests for medical attention and treatment and did nothing to assist him in obtaining treatment.

35. On or about March 9, 2015 at approximately 12:00 a.m., Plaintiff Cruz was released from custody.

36. Following his release, Plaintiff Cruz sought medical attention to treat the injuries he sustained as a result of Defendant P.O. John Doe No. 1's rough driving.

37. All criminal charges against Plaintiff Cruz were dismissed on April 6, 2015.

38. All criminal charges against Plaintiff DiSummo were dismissed on July 11, 2015

6

after Defendant Officers failed to provide the District Attorney's office with Plaintiff DiSummo's Desk Appearance Ticket.

39. Throughout the course of the incidents alleged herein, the individually named Defendant Police Officers who were present failed to intervene to prevent the unlawful search, false arrest, detention, and deliberate indifference to Plaintiffs' serious medical conditions.

40. Plaintiffs suffered emotional distress as a result of Defendant Officers' falsely accusing Plaintiffs of the alleged crimes described above, unjustly holding Plaintiff Cruz in custody for at least thirty-six (36) hours and Plaintiff DiSummo for approximately two (2) hours, and depriving Plaintiffs of their liberties.

41. Plaintiffs continue to suffer emotional distress when walking around their neighborhood and elsewhere, in fear of once again being falsely accused of alleged crimes by Defendant Officers and/or other members of the NYPD.

42. As a result of the aforementioned violations of their civil rights, Plaintiffs were subjected to the humiliation of being arrested in their neighborhood in broad daylight and faced the stigma of being prosecuted of a drug-related misdemeanor, all of which resulted in damage to both of their esteems and reputations within the community, and all of which cause Plaintiffs to suffer continued emotional distress.

43. Upon information and belief, Plaintiff Cruz filed a timely Notice of Claim with Defendant City's Office of the Comptroller regarding the incidents and related injuries alleged herein. A hearing pursuant to General Municipal Law Section 50-h was conducted in this matter on November 9, 2015.

44. At least thirty days have elapsed since Plaintiff Cruz served the Notice of Claim, acknowledgment of which is dated July 6, 2015, and the City has neglected and/or refused to adjust

and/or make payment on the claim.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS

45. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

46. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

47. All of the aforementioned acts deprived Plaintiffs of the rights, privileges, and immunities guaranteed to citizens of the United States by, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police and law enforcement officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and its NYPD, and other agencies all under the supervision of ranking officers of said departments.

50. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of his or her respective municipality or authority that is forbidden by the Constitution of the United States.

51. By these actions, Defendants have deprived Plaintiffs of rights secured by the United States Constitution, in violation of 42 U.S.C. § 1983, for which Defendants are individually

8

liable.

52. By the actions described herein, Defendants intentionally caused and allowed Plaintiffs to be placed in apprehension of imminent harmful and offensive contact, in violation of the Constitution and Laws of the State of New York.

53. Defendants' actions were not in furtherance of any legitimate police interest and were not otherwise privileged.

54. As a consequence of Defendants' actions as described herein, Plaintiffs have sustained injuries, including but not limited to emotional and psychological injuries.

55. Defendant City is liable under *respondeat superior* for the aforesaid injuries.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

56. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

57. As a result of Defendants' aforementioned conduct, Plaintiffs were subject to an illegal, improper, and false arrest by Defendants, taken into custody, and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by Defendants in criminal proceedings, without any probable cause, privilege, or consent.

58. As a result of the foregoing, Plaintiffs' liberties were restricted for an extended period of time, and Plaintiffs were put in fear for their safety and subjected to detainment within a vehicle and other physical restraints, without probable cause.

59. As a result of the aforementioned conduct of Defendants, Plaintiffs sustained injuries, including but not limited to emotional and psychological injuries.

60. As a result of their false arrests, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their neighbors and peers. Plaintiffs were discredited in the minds of many

9

members of their community.

### THIRD CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

61. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

62. Defendants employed regularly issued legal process by arresting, processing, and initiating criminal proceedings against Plaintiffs to forbear them of liberty and the lawful use of property.

63. Defendants acted with intent to do harm as there was at no point any reasonable suspicion or probable cause to subject Plaintiffs to public humiliation, detention, arrest, booking, imprisonment, and prosecution.

64. Defendants undertook the aforementioned acts in order to obtain a collateral objective outside the legitimate ends of the process, namely to arrest persons known to be innocent to improve arrest numbers of the NYPD, among other collateral objectives. This abuse of power is outside of and contrary to the legitimate use of the law enforcement and criminal justice processes and undermines the civil rights of persons such as Plaintiffs for whom there is no reasonable suspicion or probable cause as to any alleged criminal activity.

65. The criminal charges against Plaintiffs were terminated in both of their favors.

66. As a result of Defendants' unlawful acts, Plaintiffs suffered numerous violations of their constitutional rights, including deprivation of liberty following their arrests.

### FOURTH CLAIM FOR RELIEF
### FEDERAL AND STATE LAW MALICIOUS PROSECUTION

67. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

68. Defendants initiated criminal proceedings against Plaintiffs without probable cause

or reason to believe that the criminal charges against them could succeed and with actual malice, thereby causing Plaintiffs to be prosecuted on baseless charges for several months and to suffer a significant deprivation of liberty in connection therewith.

69. The criminal charges against Plaintiffs were terminated in both of their favors.

70. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

71. Defendants' unlawful prosecution of Plaintiffs without probable cause and denial of associated due process rights, as described herein, violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution and the laws of the State of New York to be free from malicious prosecution, for which Defendants are individually liable.

72. As a result of Defendants' malicious prosecution and other unlawful acts, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their neighbors and peers. Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of their community. Plaintiffs suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

73. In addition to their individual liability under 42 U.S.C. § 1983, Defendant City, as an employer of the individual Defendant Officers, is also responsible for their wrongdoing under the doctrine of *respondeat superior*.

## FIFTH CLAIM FOR RELIEF
## EQUAL PROTECTION UNDER 42 U.S.C. § 1983

74. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

75. Defendants unlawfully singled out Plaintiffs and violated their Fourth, Fifth, and Fourteenth Amendments, in part because of their race, age, and gender.

76. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

77. As a result of Defendants' unlawful acts, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment, and emotional distress. Further, as a result of Defendants' unlawful acts, Plaintiffs were discredited in the minds of many members of the community. Plaintiffs suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

### SIXTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE

78. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

79. Those defendants who were present during the time when Plaintiffs' constitutional rights were violated, but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

80. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, and Fourteenth Amendments.

81. As a direct and proximate result of this unlawful conduct, Plaintiffs were subjected to humiliation, ridicule, and disgrace before their family and peers, confinement, pain and suffering, embarrassment, and emotional distress. Plaintiffs suffered and will continue to suffer mental and emotional pain and suffering, mental anguish, embarrassment, and humiliation.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

82. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the

paragraphs above with the same force and effect as if fully set forth herein.

83. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

84. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant City and the NYPD, all under the supervision of ranking officers of said department.

85. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant City and the NYPD constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiffs.

86. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant City and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs, as alleged herein.

87. The foregoing customs, policies, usages, practices, procedures, and rules of Defendant City and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs, as alleged herein.

88. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs' constitutional rights.

89. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

90. Defendant City, as municipal policymaker in the training and supervision of the

NYPD, has pursued a policy and custom of deliberate indifference to the rights of persons in its domain who suffer violation of the right to freedom from unlawful entry, negligence, and from the use of excessive and unreasonable force in violation of, *inter alia*, the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, and the constitution and laws of the State of New York.

91. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from stop, search, seizure, arrest, imprisonment, and prosecution not based upon reasonable suspicion and probable cause;

    c. To be free from false arrest;

    d. To receive equal protection under the law; and

    e. To be free from infliction of emotional distress.

## EIGHTH CLAIM FOR RELIEF
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS UNDER 42 U.S.C. § 1983

92. Plaintiffs repeat each and every allegation contained in the paragraphs above and incorporate such allegations by reference herein.

93. As described herein, Defendants acted with deliberate indifference to Plaintiffs' serious medical needs by, *inter alia*, denying Plaintiffs appropriate medical treatment for the injuries that Plaintiffs sustained while in Defendants' custody, despite the seriousness and obviousness of Plaintiffs' medical needs and their repeated requests for treatment.

94. Defendants were actually and constructively aware of Plaintiffs' serious medical needs.

95. Defendants consciously disregarded the serious and obvious medical risk posed to Plaintiffs' mental and physical well-being by, *inter alia*, failing to provide essential medical treatment for their serious medical conditions.

96. Defendants' deliberate indifference to Plaintiffs' serious and obvious medical needs violated the Constitution of the United States.

97. As a consequence of Defendants' actions as described herein, Plaintiffs have been injured.

## NINTH CLAIM FOR RELIEF
## NEGLIGENCE UNDER NEW YORK STATE LAW

98. Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

99. Defendants had a legal duty to Plaintiffs, including the duty to take reasonable precautions to ensure Plaintiffs' safety in a moving vehicle during transport.

100. Defendants' actions in refusing to secure Plaintiffs with a seatbelt during transport, among other acts against Plaintiffs, constituted a breach of that duty.

101. As a consequence of Defendants' actions as described herein, Plaintiffs suffered serious physical injuries and emotional distress and has been otherwise injured.

102. Defendants' actions herein inflicted serious physical injuries and emotional distress upon Plaintiffs.

103. Defendants' actions were the direct and proximate cause of the harm to Plaintiffs.

104. Defendant City is liable under *respondeat superior* for the aforesaid injuries.

## TENTH CLAIM FOR RELIEF:
## ASSAULT UNDER NEW YORK LAW

105. Plaintiffs repeat and re-allege each and every allegation contained in the

paragraphs above with the same force and effect as if fully set forth herein.

106. By the actions described above, Defendant Officers intentionally caused and allowed Plaintiffs to be placed in apprehension of imminent harmful and offensive contact.

107. As a consequence thereof, Plaintiffs have been injured.

## ELEVENTH CLAIM FOR RELIEF:
## BATTERY UNDER NEW YORK LAW

108. Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

109. By the actions described above, Defendants intentionally caused and allowed Plaintiffs to be struck in a harmful and offensive manner.

110. As a consequence thereof, Plaintiffs have been injured.

## TWELFTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

111. Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

112. Defendants' unlawful conduct, including the violation of Plaintiffs' constitutional rights, constituted extreme and outrageous conduct that was beyond the boundaries of decency.

113. Defendant NYPD officers acted intentionally in their unlawful conduct.

114. Defendant City acted with reckless disregard as to whether its customs, policies, usages, practices, procedures, and rules of its NYPD would result in extreme and outrageous conduct inflicted upon Plaintiffs.

115. Defendants' conduct was the direct and proximate cause of the harm to Plaintiffs.

116. Plaintiffs suffered and continues to suffer physical injury and severe emotional distress and were otherwise injured as a result of Defendants' conduct.

## THIRTEENTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

117. Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in the paragraphs above with the same force and effect as if more fully set forth at length herein.

118. By the actions described herein, Defendant Officers, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to Plaintiffs and caused Plaintiffs to sustain physical injuries requiring medical treatment. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs' statutory and common law rights as guaranteed Plaintiffs by the laws and Constitution of the State of New York.

119. As a result of the foregoing, Plaintiffs were deprived of liberty and sustained severe emotional injuries.

## JURY DEMAND

120. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

a. That the jury find and the Court adjudge and decree that Plaintiffs shall recover special and compensatory damages in the amount of TWO MILLION ($2,000,000) DOLLARS against Defendant Officers and the City of New York, jointly and severally, together with interests and costs; and punitive damages in the amount of TWO MILLION ($2,000,000) DOLLARS against the individual defendants, jointly and severally.

  b.  That Plaintiffs recover the cost of the suit herein, including reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.

  c.  That Plaintiffs have such other and further relief as this Court shall deem just and proper.

DATED: New York, New York
     September 9, 2016

             By: /s/ Kim E. Richman_____
                Kim E. Richman
                **THE RICHMAN LAW GROUP**
                81 Prospect Street
                Brooklyn, New York 11201
                Telephone: (212) 687-8291
                Facsimile: (212) 687-8292
                krichman@richmanlawgroup.com

                *Attorney for Plaintiffs*